**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rolando Guevarra Diala, ) | No. CV 05-2502-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Mitsubishi Motors North America, Inc.;) Mitsubishi Motor Sales of America, Inc.;) Mitsubishi Motors America, Inc.; ) Centennial Management, Inc. ) | |
| Defendants. ) | |

**IT IS ORDERED** that on October 31, 2005 at 11:45 a.m., Defendant Mitsubishi Motors North America, Inc., shall appear and show cause why this case should not be remanded to state court for lack of federal subject matter jurisdiction.

Specifically, the party asserting jurisdiction bears the burden of proving jurisdiction. *Trentacosta v. Frontier Pac. Aircraft Industries*, 813 F.2d 1553, 1559 (9th Cir. 1987); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188 (1936).  Here, Defendants allege jurisdiction based on diversity.  However, Defendants fail to allege the citizenship of Mitsubishi Motor Sales of America, Inc., Mitsubishi Motors America, Inc., or

1  Centennial Management, Inc., thereby preventing the Court from determining whether there
2  is complete diversity among the parties.[1]
3       DATED this 21st day of October, 2005.

James A. Teilborg
United States District Judge

---

[1] The federal district court has subject matter jurisdiction in diversity actions pursuant to 28 U.S.C. § 1332 over "citizens of different states". The diversity requirement is "strict and unequivocal." *Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991). Further, diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. *Caterpillar v. Lewis*, 386 U.S. 523, 531 (1996).

- 2 -